**Bacha JAN, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 14–3612.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) May 22, 2015.

Opinion filed: Sept. 23, 2015.

Anser Ahmad, Esq., McLean, VA, pro se.

Regina Byrd, Esq., Francis W. Fraser, I, Esq., Enitan Otunla, Esq., United States Department of Justice, Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq. United States Department of Justice, Washington, DC, for Respondent.

BEFORE: FUENTES, GREENAWAY, JR., and NYGAARD, Circuit Judges.

OPINION *

NYGAARD, Circuit Judge.

Petitioner Bacha Jan, a native and citizen of Pakistan, seeks review of a final order of removal. For the reasons stated below, we conclude that any challenge to

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jan's asylum petition is waived and, in any event, we lack jurisdiction over the agency's decision with regard to the timeliness of Jan's asylum claim. We will deny the petition for review.

I.

Because we write solely for the parties, we summarize only those facts necessary to our disposition. Jan entered the United States on August 20, 2006, as a crewmember with authorization to remain until his ship left port, for a period not to exceed one month. Jan failed to leave when his ship departed, however, and was charged in a Notice to Appear served on September 18, 2007, as an overstay in violation of 8 U.S.C. § 1227(a)(1)(B). On March 9, 2009, Jan filed applications for asylum, withholding of removal, protection under the Convention Against Torture ("CAT") and voluntary departure. After several hearings, the Immigration Judge ("IJ") concluded that Jan had conceded the untimeliness of his asylum application and had withdrawn both of his applications for asylum and CAT protection. To the extent Jan may have later attempted to resurrect his asylum application, the IJ determined that he failed to file it within a reasonable time after any purported changed circumstances. That left the IJ to consider Jan's applications for withholding of removal and voluntary departure.

According to Jan's testimony, he purchased an audio and video store in Swat, Pakistan, in 2004. Although Jan was the owner, his brother ran the store so that Jan could travel to other cities in the country to purchase items for sale at the store. Jan, however, reconsidered a career as a retail proprietor in Swat and instead decided to come to the United States as a seaman in 2006. Though he originally intended to return home to Pakistan, Jan stated that he was arrested by immigration officials in September 2007, and remained in custody for a few months. It is at this point, Jan claims, he realized that he could not return home because the situation in Pakistan was "so bad" due to an increase in attacks carried out by the Taliban. Jan claimed to have learned through a phone call that the store had been destroyed when the market in which it was located was bombed. Jan asserted that the bombing—which occurred in late 2007 or early 2008—was carried out by the Taliban who had warned his brother on several occasions to close the music store because it sold items of which the Taliban disapproved. According to Jan's wife, a "fatwa" ("a legal ... decree handed down by an Islamic religious leader," Merriam–Webster's Collegiate Dictionary 424 (10th ed.1996), in this case to the effect that a person must be killed) was issued against Jan and his brother, causing his brother to go into hiding and rendering a return to Pakistan unsafe for Jan. Jan testified that if he returns to Pakistan, he will be killed by the Taliban as soon as he arrives at the airport because they believe he is not a good Muslim and has been "Westernized."

The IJ denied Jan's application for withholding of removal after finding that he lacked credibility. The IJ found that Jan's testimony was inconsistent, evasive and contradictory, and further noted that Jan's "affidavit and testimony added several details that appear[ed] to be embellishments of his claim as asserted in his asylum application." *See* IJ Dec. at 27. While the IJ acknowledged that some of the inconsistencies did not go to the heart of Jan's claims, she nonetheless found that they could be used to reach an adverse credibility determination given the types of inconsistencies and the lack of adequate corroboration for his claim. For example, the IJ recognized that Jan had sufficiently demonstrated the existence of Taliban opposi-

tion to many modern values and activities, but that he failed to provide sufficient evidence to demonstrate that the Taliban had any knowledge of either his identity or his status as a store owner, or someone otherwise with non-Muslim views. Accordingly, because Jan lacked credibility and failed to adequately corroborate the essential elements of his claim, the IJ denied his application for withholding of removal. She did, however, exercise her discretion and granted Jan the opportunity to voluntarily depart the United States for Pakistan.

The Board of Immigration Appeals ("BIA") dismissed Jan's appeal in a decision issued on July 24, 2014. The BIA found that the record supported the IJ's finding that Jan's asylum application had been withdrawn and, alternatively, that it had been untimely filed. The BIA rejected Jan's contention that his application was timely filed given the bombing of his store in late 2007 or early 2008. Even assuming that the bombing constitutes a changed circumstance, the BIA concluded that Jan's application—filed more than a year late—was not filed within a reasonable period. Insofar as Jan failed to comply with any of the requirements for establishing that prior counsel's alleged ineffectiveness was an extraordinary circumstance under 8 C.F.R. § 1208.4(a)(5), the BIA refused to consider that assertion any further. The BIA also noted that Jan's withdrawal of the CAT application was undisputed. With respect to the IJ's adverse credibility determination, the BIA found no clear error. The BIA was satisfied that the IJ identified numerous unexplained inconsistencies within Jan's testimony which fatally undermined his credibility, and which provided specific and cogent reasons for the adverse credibility finding. Though unnecessary to resolve the appeal, the BIA also noted its agreement with the IJ's determination that Jan did not sufficiently support his claim for withholding of removal with reasonably available corroborating evidence. Insofar as Jan failed to provide timely proof of the posting of a voluntary departure bond, the BIA refused to reinstate the period of voluntary departure and ordered him removed to Pakistan.

This timely petition for review followed.

## II.

### A.

With respect to his asylum application, Jan argues that the BIA erred in its untimeliness decision given the changed country conditions and exceptional circumstances. We lack jurisdiction to review the agency's conclusion that his application was untimely. *See* INA § 208(a)(3) [8 U.S.C. § 1158(a)(3)] (stating that "[n]o court shall have jurisdiction to review any determination of the Attorney General relating to the timeliness of an asylum application"); *Sukwanputra v. Gonzales,* 434 F.3d 627, 632–33 (3d Cir.2006). Thus, we dismiss Jan's asylum claims.[1]

### B.

Jan additionally argues that the BIA erred in upholding the IJ's adverse credibility finding, as well as the IJ's finding that Jan failed to adequately corroborate his claims for purposes of withholding of removal relief. Under the REAL ID Act, which applies here, a credibility determination must be made "[c]onsidering the totality of the circumstances," and may be based on "the inherent plausibility of the

---

1. We also note that the BIA correctly determined that Jan failed to comply with the procedural requirements for seeking an exception to the one-year·filing deadline based on extraordinary circumstances. Where an IJ's "discussion and determinations are affirmed and partially reiterated in the BIA's decision, we review them along with the BIA decision." *Sandie v. Att'y Gen.,* 562 F.3d 246, 250 (3d Cir.2009) (citations omitted).

applicant's ... account, the consistency between the applicant's ... written and oral statements ... the internal consistency of each such statement, the consistency of such statements with other evidence of record ... and any inaccuracies or falsehoods in such statements." 8 U.S.C. § 1158(b)(1)(B)(iii). The inconsistencies, inaccuracies, or falsehoods upon which an adverse credibility finding is based need not go the heart of the claim. *See Lin v. Att'y Gen.*, 543 F.3d 114, 119 n. 5 (3d Cir.2008). We review an adverse credibility determination for substantial evidence, *Butt v. Gonzales*, 429 F.3d 430, 433 (3d Cir.2005), and may not disturb that finding "unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 484 (3d Cir.2001).

Here, the IJ's decision is replete with descriptions of what she found to be inconsistencies and embellishments. For example, the IJ was "deeply concerned" by inconsistencies and embellishments regarding Jan's video business and the threat from the Taliban. IJ Dec. at 28. Of particular relevance to the IJ was the fact that it was Jan's brother who actually ran the business and had run-ins with the Taliban. *See* IJ Dec. at 28, 31. Additionally, the evidence Jan submitted regarding the timing of the bombing indicates that the bombing occurred in early 2008, *see* IIJ Dec. 29; A.R. at 860, 11360, in contrast to Jan's testimony that he learned about it upon his release from immigration custody in late 2007. A.R. 315–316.

Further, the IJ determined that Jan's statements about his profession and the nature of his prior travels were confusing and inconsistent. For example, Jan testified that his first trip to the United States was not until 2006 but then admitted that he first came to the United States by ship in 1995, which the record conclusively establishes. The nature of Jan's profession also created inconsistencies and confusion. Jan testified that he worked as a ship painter in Dubai for three years, starting in either 1993 or 1994, but then claimed he came to the United States as a businessman in 1995, on his way back to Pakistan. Then, Jan indicated that, upon returning to Pakistan, he worked as a farmer until he returned to business by operating the video store in 2004.

The IJ's credibility determination was based on the cumulative effect of these inconsistencies Jan's testimony. Because "reasonable, substantial, and probative evidence on the record" supports the IJ's credibility determination, we have no reason to disturb that decision. *Lin–Zheng v. Atty. Gen.*, 557 F.3d 147, 155 (3d Cir.2009) (quoting *I.N.S. v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

### III.

In conclusion, we will deny Jan's petition for review.